IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 03-MK-1579 (CBS)

AMERICAN SODA, LLP, a Colorado corporation,

    Plaintiff,

v.

U.S. FILTER WASTEWATER GROUP, INC., a Delaware corporation,

    Defendant.

**ORDER DISCHARGING ORDER TO SHOW CAUSE AND DENYING AWARD OF ATTORNEY FEES AND COSTS**

THIS MATTER comes before the Court on an Order **(#25)** directing the Defendant to show cause why the Plaintiff should not be awarded attorney fees in the amount of $2,065.00 and costs in the amount of $178.10.  The Defendant responded **(#26)** to the Order to Show Cause.  Having considered the same as well as the entire case file, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiff commenced this action in the Garfield County District Court.  The Defendant removed the action to this Court.  The Plaintiff then moved to remand this action because the contract upon which its claims are based provides: "Both Contractor and Company hereby submit to the jurisdiction of **the Courts of the State of Colorado** and agree that **the Courts of the State of Colorado** /Arbitrator shall be the exclusive forum for the resolution of any disputes related to or arising out of this Term Agreement."  (Emphasis added).  The Plaintiff also requested an award of attorney fees and costs pursuant to 28 U.S.C. § 1447(c).

The Court granted the motion to remand as well as the Plaintiff's request for attorney fees and costs. The Plaintiff then filed an affidavit in support of its request for attorney fees and costs. Before the Court could issue a final order on the issue of fees and costs, the Defendant appealed the remand order and the award of fees and costs.

In its November Order affirming the order to remand, the Tenth Circuit addressed whether federal district courts "are courts of the various states in which they are located," noting that this presented a question of first impression within this Circuit. *See American Soda, LLP v. U.S. Filter Wastewater Group, Inc.,* 428 F.3d 921, 925 (10th Cir. 2005). It then engaged in a lengthy analysis of the issue, distinguishing between terms of geography and terms of sovereignty. *See id.* at 925-26. It ultimately concluded that the phrase "Courts of the State of Colorado" connotes a term of sovereignty.

After the Tenth Circuit issued its mandate, this Court directed the Defendant to show cause why the Court should not award the fees and costs supported by the Plaintiff's affidavit. In its response, the Defendant does not contest the reasonableness of the amounts set forth in the affidavit. Instead, it argues that no fees or costs should be awarded because the removal was not improper. On January 10, 2006, the Tenth Circuit issued an order **(#27)** denying the Plaintiff's request for appellate attorney fees and costs under 28 U.S.C. § 1447(c), stating: "Based upon the record before us, we cannot say that U.S. Filter Wastewater Group lacked an objectively reasonable basis for seeking removal, and American Soda has not pointed to any unusual circumstances that would warrant an award of fees nevertheless."

Pursuant to 28 U.S.C. § 1447(c), an order to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This statute

confers discretion upon the remanding court to award fees and costs for an improper removal. *See Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004), *affirmed,* 126 S. Ct. 704 (Dec. 7, 2005); *Suder v. Blue Circle, Inc.,* 116 F.3d 1351, 1352 (10th Cir. 1997). As the Supreme Court clarified in an opinion issued last month, there is no presumption of an award of fees and costs under this statute. *See Martin*, 125 S. Ct. at 709. Absent unusual circumstances, if a defendant's removal position was objectively reasonable at the time of removal, a court should decline to award fees and costs. *See id.* at 708.

Based upon the Tenth Circuit's November ruling, the removal was improper *ab initio*. However, the Court cannot conclude that the Defendant's removal position was objectively unreasonable at the time of removal. At such time, whether "Courts of the State of Colorado" was a term of geography or sovereignty was not resolved within the Tenth Circuit. Under these circumstances, the Court declines to award attorney fees and costs to the Plaintiff under 28 U.S.C. § 1447(c).

The Court therefore **DISCHARGES ITS ORDER TO SHOW CAUSE AND DENIES** an award of attorney fees and costs to the Plaintiff.

Dated this 11th day of January, 2006

                                           **BY THE COURT:**

                                           Marcia S. Krieger
                                           United States District Judge